E. A. WESTLAKE, Appellant, v. CITY OF MUSCATINE, Appellee.

Appeal From Order On Motion: EXCEPTION: RECORD. Where the record of the action of the district court, upon a motion on the part of the plaintiff to dismiss, recited that, "The court being fully advised in the premises, doth overule said motion. Thereupon the jury is instructed by the court to return a verdict for the defendant, which is accordingly done. To which the plaintiff excepts." *Held*, that the exception must be construed as referring to the instruction to the jury only, and no exception having been taken to the ruling upon the plaintiff's motion, she was not entitled to have the action of the court thereon reviewed upon appeal.

*Appeal from Muscatine District Court.*—HON. A. J. LEFFINGWELL, Judge.

SATURDAY, MAY 14, 1892.

This is an action to recover for a personal injury which the plaintiff alleges she sustained by reason of a defective sidewalk. There was a trial by jury, and upon motion the court directed a verdict for the defendant, and overruled a motion of the plaintiff to dismiss the case. The plaintiff appeals.—*Affirmed*.

*Cloud & Doran*, for appellant.

*J. R. Hanley*, for appellee.

ROTHROCK, J. The question involved in this appeal is whether the district court should have dis-

missed the case upon the motion of the plaintiff, and whether the plaintiff excepted to the ruling of the court upon the motion. These questions must be determined by the record. It appears from the abstract of the record, and from a transcript of the record entry in the district court, that a jury was impaneled to try the cause, and that after the plaintiff's evidence was introduced the defendant made a motion to instruct the jury to return a verdict for the defendant. The record, so far as pertains to the motion, is as follows:

"And afterwards, to-wit: on the same day, and after the plaintiff had rested her case, the defendant files a motion for an instruction to have the jury return a verdict for the defendant. Thereupon, at the request of plaintiff, the jury are excused pending the hearing of said motion, and the court, having examined said motion, heard the arguments of the respective counsel, and being advised in the premises, doth sustain said motion, and, the jury being absent, the making of the entry is continued until the morning of October 18, 1887. Whereupon the plaintiff moves for leave to dismiss her action. Said action is taken under advisement, and afterwards, to-wit, on the eighteenth day of October, 1887, this matter coming on for hearing upon the motion of plaintiff for leave to dismiss her case, and the court, being fully advised in the premises, doth overrule said motion. Thereupon the jury is instructed by the court to return a verdict for the defendant, which is accordingly done. To which plaintiff excepts."

The motion was made to instruct the jury to return a verdict for the defendant on the seventeenth day of October, 1887. It is claimed by counsel for the appellee that the plaintiff did not except to the ruling of the court, refusing to allow a dismissal of the action. We think the appellee's position is well taken. The record

shows that two rulings were made against the plaintiff. The first was the order refusing to allow the plaintiff to dismiss her action.  If the plaintiff was not content to abide by this order, an exception should have been taken at the time that the order was made.  After that the jury were instructed to return a verdict for the defendant, and the exception is in these words:  "To which plaintiff excepts."  This cannot be held to refer to any ruling prior to that to which it plainly relates.  It does not relate to any former or other ruling than the instruction to the jury to return a verdict for the defendant.  As the plaintiff did not except to the ruling complained of, the question as to whether she had a right to dismiss the action cannot be considered, and the judgment of the district court is AFFIRMED.